\*\* E-filed March 15, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DORETTA KERL,<br><br>        Plaintiff,<br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | No. C11-00330 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket Nos.17, 21]** |

In this Social Security action, plaintiff Doretta Kerl appeals a final decision by the Commissioner ("defendant") denying her application for Social Security disability insurance benefits. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Upon consideration on the moving papers, and for the reasons set for below, plaintiff's motion for summary judgment is granted in part and denied in part; defendant's motion for summary judgment is granted in part and denied in part, and the case is remanded for further proceedings in accordance with this order. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

BACKGROUND

Doretta Kerl was 54 years old when the Administrative Law Judge ("ALJ") rendered the decision under review in this action. Dkt. No. 17, p. 2-3. (Plaintiff's Motion for Summary Judgment, or "Plaintiff's motion"). Her prior work experience is as a customer service representative. Id. She

claims disability since May 4, 2007 due to arthritis in her cervical and lumbar spine, her hips, and her left knee, which is exacerbated and complicated by obesity, and may have been caused or partially caused by a fall on the job that occurred in 1997. Id. at 4.

Plaintiff's claim was denied initially and upon reconsideration. Administration Record ("AR"), p. 15. She timely filed a request for hearing before an ALJ. In a decision dated July 22, 2009, the ALJ found that the plaintiff was not disabled under the Social Security Act. Id. She evaluated plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. See 20 C.F.R. § 404.1520 (2007). At step one, she found that Kerl had not engaged in substantial gainful activity since May 4, 2007. AR 17. At step two, she found that plaintiff had osteoarthritis and low back pain and that these are "severe impairments." Id. But at step three, she concluded that plaintiff's impairments did not "meet[] or medically equal[] one of the listed impairments in 20 C.F.F. Part 404, Subpart P, Appendix 1." AR 18. At step four, she found that Kerl had the residual functional capacity ("RFC") to sit for six hours and stand/walk for two hours during an eight-hour workday with a sit/stand option; lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull with her right upper extremity occasionally; and climb stairs, balance, stoop, bend, and crouch occasionally, but never crawl, kneel, or climb ladders. The ALJ found that plaintiff required a cane for ambulation and needed to avoid moderate exposure to moving machinery, heights, and vibration. AR 19. Noting the inconsistency between her finding and the plaintiff's assertions as to the intensity, persistence, and limiting effects of her symptoms, the ALJ found that plaintiff's testimony was "not credible" insofar as it contradicted the RFC finding. Id. At step five, the ALJ found that Kerl was not capable of performing past relevant work, but that she had acquired work skills from past employment and was capable of working as a telemarketer. AR 20-21.

The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

LEGAL STANDARD

Pursuant to 42 U.S.C. 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported

by substantial evidence or if it is based upon the application of improper legal standards. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Drouin, 966 F.2d at 1258.

DISCUSSION

Plaintiff challenges the ALJ's finding on four grounds: (1) that the ALJ failed to adequately consider the effects of plaintiff's obesity on her other impairments; (2) that the the ALJ's analysis of the psychiatric evidence was not supported by substantial evidence; (3) that the ALJ improperly discredited plaintiff's testimony and (4) that the ALJ improperly discredited plaintiff's daughter's testimony. Defendant asserts that the ALJ's findings were supported by substantial evidence and free of legal error.

A. Whether the ALJ Considered Obesity In Combination with Plaintiff's Other Impairments

Plaintiff argues that the ALJ wholly failed to consider plaintiff's obesity and its effect on her severe impairments. Dkt. No. 17, p. 5. Although obesity is no longer a listed impairment, the Social Security Administration ("SSA") considers obesity to be a "medically determinable impairment" that should be considered by the ALJ when determining disability. SSR 02-1P, 2002 WL 34686281 (S.S.A.). In determining whether a particular claimant's obesity is a medically determinable impairment, "in the absence of evidence to the contrary in the case record, [the ALJ] will accept a diagnosis of obesity given by a treating source or by a consultative examiner." Id. But, a diagnosis of obesity "may or may not increase the severity or functional limitations of the other impairment" depending on the facts of the individual case Id.

Here, plaintiff correctly asserts that the ALJ does not mention obesity anywhere in her report even though medical records in the AR show that plaintiff was diagnosed with obesity by treating physician Dr. Agastya. See, e.g., AR 174, 177, 181. Plaintiff also asserts that the ALJ's failure to mention obesity indicates that the ALJ failed to consider the effect of obesity on plaintiff's severe impairments. See Dkt. No. 17, p. 5. Defendant argues in opposition that plaintiffs have presented no evidence that plaintiff's obesity caused functional limitations that are not already reflected in the RFC. Dkt. No. 21, p. 4. Here, the record includes medical records showing that plaintiff was diagnosed with obesity. See, e.g., AR 174 (listing a diagnosis of obesity without reference to its effect on other conditions). The ALJ questioned plaintiff at hearing about her ability to walk, drive, sit, stand, carry items, etc., but did not ask any questions about plaintiff's obesity or its effect on her abilities. AR 30-35. In addition, plaintiff testified to her weight and the fact that she had gastric bypass surgery. AR 36. From this court's review of the record, plaintiff did not offer any evidence that her obesity exacerbated her other impairments, or caused functional limitations not reflected in her testimony and the ALJ's findings. However, the ALJ's failure to even mention plaintiff's obesity at any stage of her finding indicates a failure to consider the interactive effect of plaintiff's impairments that does constitute reversible error.

When an ALJ identifies severe impairments at step two that are not dispositive at step three, and obesity is identified as a condition that falls short of being a severe impairment, the ALJ "ha[s] a responsibility to consider their interactive effect." Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. Cal. 2003). But, when the claimant does not specifically allege that obesity exacerbated her other impairment(s) and claimant is represented by counsel, the ALJ's duty to independently develop the record is less than it would be where claimant is proceeding pro se. Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005).

Defendant argues that the case Burch v. Barnhart is controlling in this instance because Burch and this case turn on the fact that the claimant offered no evidence that her obesity exacerbated her severe impairments. Dkt. No. 21, at 4; see Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005). In Burch, the 9th Circuit held that the ALJ committed harmless error by failing to consider claimant's obesity at step two, because he explicitly considered obesity at step five and determined

4

that it did not exacerbate claimant's other conditions. <u>Burch</u>, 400 F.3d at 682. However, the 9th Circuit's more recent decision in <u>Peterson v. Barnhart</u>[1] distinguishes <u>Burch</u> by holding that it is reversible error for an ALJ to omit discussion of a claimant's obesity altogether. <u>Peterson</u>, 213 Fed. Appx. 600, 605, n. 3 (9th Cir. 2006).

Here, plaintiff's medical records repeatedly list diagnoses of "obesity" and "morbid obesity." <u>See, e.g.</u>, AR 174, 179, 181, 183, 185, 188. Other records indicate plaintiff's weight, and plaintiff testified to her then-current weight and weight-loss efforts during the hearing before the ALJ. <u>See, e.g.</u>, AR 204, 218, 226 (documenting plaintiff's recorded weight); <u>see also</u> AR 36 (plaintiff's testimony regarding her weight). However, the ALJ does not reference obesity or plaintiff's weight at any point in any stage of the disability analysis. In the absence of any evidence that the ALJ actually considered plaintiff's obesity in her disability analysis, the court cannot conclude that the ALJ did so. Whether or not plaintiff offered specific evidence that her obesity caused additional functional limitations not captured by the RFC, the ALJ erred by failing to discuss and consider her obesity in the disability analysis.

Accordingly, as to plaintiff's claim that the ALJ failed to consider the effect of her obesity, her motion is GRANTED and the defendant's motion is DENIED. Remand is required.

B. <u>Whether the ALJ's Analysis of the Mental Health Evidence was Supported by Substantial Evidence</u>

Plaintiff alleges that the ALJ improperly discredited portions of two psychological reports and one psychiatric report, including the report of plaintiff's treating physician. Dkt. No. 17, p. 6. Defendants argue that the ALJ did not have to accept the treating physician's report because it was not supported by treatment records, and that the ALJ properly relied upon the report of examining psychiatrist Dr. Castillo. Dkt. No. 21, pp. 6-7.

The opinion of a treating physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th

---

[1] <u>Peterson v. Barnhart</u> is an unpublished disposition as that term is defined by USCS Ct. App. 9th Cir, Circuit R. 36-3. Thus, the opinion is non-precedential and the court does not rely upon it as precedent. However, because the facts in <u>Peterson</u> closely resemble those in the instant matter, the opinion is illustrative. <u>See</u> <u>United States v. Bright</u>, 2009 U.S. Dist. LEXIS 15915, *15, fn. 4 (D. Haw. Feb. 27, 2009).

Cir. 1995). But, the ALJ can reject a treating physician's opinion if it was "unsupported by rationale or treatment notes, and offered no objective medical findings." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

In this case, plaintiff underwent one psychological and two psychiatric evaluations. First, psychiatrist Manolito Castillo performed an evaluation in October 2007. Second, psychiatrist Les Kalman performed an evaluation in January 2009, and shortly thereafter, her treating psychologist, Dr. Larson, performed an evaluation in February 2009. AR 230-32, 292-300, 301-05. The ALJ noted at hearing that plaintiff had not supplied any records from her treating psychologist, Dr. Larson. AR 35. The ALG told plaintiff she would have 30 days to submit those records to support the mental health questionnaire that Dr. Larson had completed. AR 35-36; see also AR 301-05 (Dr. Larson's questionnaire). Plaintiff apparently never submitted the records. See AR 18 (noting that no records were received prior to ALJ's ruling).

The ALJ devoted the entirety of her step two analysis to review of the mental health evidence, and found that plaintiff suffered only "mild" restrictions and difficulties due to her mental health issues. AR 18. In doing so, the ALJ gave "substantial weight" to Dr. Castillo's evaluation, and gave "little weight" to the two 2009 evaluations because, 1) Dr. Larson's evaluation was unsupported by treatment records, and 2) Dr. Kalman's evaluation was "internally inconsistent" because it described moderate limitations while giving a GAF score of 67, which indicates mild limitations. Id. at 17-18.

As stated above, where more than one rational interpretation exists based on the evidence, the court must defer to the Commissioner's finding. See Moncada, 60 F.3d at 523; Drouin, 966 F.2d at 1258. Here, the ALJ evaluated all of the evidence regarding plaintiff's mental health, and gave specific and legitimate reasons for discrediting the opinions of Drs. Larson and Kalman. This court may not substitute its own judgment for the Commissioner's in such a case.

Accordingly, as to plaintiff's claim that the ALJ's mental health finding was not supported by substantial evidence, the plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

C. Whether the ALJ Properly Discredited Plaintiff's Testimony

Plaintiff claims that the ALJ improperly discredited her testimony regarding the intensity, persistence, and limiting effects of her pain symptoms. Dkt. No. 17, p. 7. "If the ALJ finds that claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

Here, the ALJ explained that she discredited plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms for several reasons. First, she stated that plaintiff's allegation that she could "not engage in any activity" was contradicted by plaintiff's own testimony about her daily activities, which included some personal hygiene activities, some light housework, short drives, etc. AR 19, 30-32. Next, the ALJ noted that various medical examiners indicated that plaintiff was "independent" to a certain extent, and was able to conduct basic household activities like cooking and shopping on her own. AR 19-20. Third, the ALJ stated that plaintiff experienced pain reduction with painkillers and cortisone injections. AR 20. Finally, the ALJ said that she gave "great weight" to an orthopedic evaluation made in October 2007 because it was consistent with plaintiff's testimony regarding her daily activities and was "supported by medically acceptable diagnostic techniques." Id.

Plaintiff argues that the ALJ improperly omitted evidence from plaintiff's testimony and medical reports in the record that qualified the extent of plaintiff's abilities. For instance, plaintiff testified that she needed help with household and yard work, and an orthopedic examination by Dr. Aquino indicated that cortisone injections only provided relief "temporarily." AR 31-32, 224025. However, it seems quite clear from the ALJ's report that she considered the totality of the evidence, including a variety of the medical reports contained in the record, as well as plaintiff's testimony, and concluded that plaintiff's testimony was "not consistent with the preponderance of the opinions and observations by medical doctors in this case." AR 20. The court concludes that the ALJ did make specific findings in the record to support her decision to discredit plaintiff's testimony. "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas, 278 F.3d at 959.

1    Accordingly, as to plaintiff's claim that the ALJ improperly discredited her testimony, the
2    plaintiff's motion is DENIED and the defendant's motion is GRANTED.

3        D.  <u>Whether the ALJ Properly Discredited Tinisha Nelson's SSA-3380 Form</u>

4    Plaintiff argues that the ALJ improperly rejected testimony by Kerl's daughter, Tinisha
5    Nelson, by applying the incorrect standards for testimony by lay witnesses and family members.
6    Dkt. No. 17, p. 8. Defendant argues that the ALJ applied appropriate standards and was entitled to
7    discredit Nelson's testimony. Dkt. No. 21, p. 9.

8    Lay witnesses, including family members, may give evidence "to show the severity of
9    [claimant's] impairment(s) and how it affects [claimant's] ability to work." 20 C.F.R. 404.1513(d).
10   Lay witness testimony as to a claimant's symptoms "is competent evidence that an ALJ must take
11   into account," unless she "expressly determines to disregard such testimony and gives reasons
12   germane to each witness for doing so." <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001). "[T]he
13   fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony."
14   <u>Regennitter v. Commissioner of SSA</u>, 166 F.3d 1294, 1298 (9th Cir. 1999) (<u>citing</u> <u>Smolen v. Chater</u>,
15   80 F.3d 1273, 1289 (9th Cir. 1996)).

16   The ALJ gave three reasons for discrediting Nelson's testimony, two of which are improper.
17   First, the ALJ said that Nelson had not been trained "to make exacting observations as to dates,
18   frequencies, types and degrees of medical signs and symptoms." AR 20. This is not an appropriate
19   ground for discrediting a lay witness's testimony because this is not the purpose of lay witness
20   testimony. <u>See</u> <u>Regennitter</u>, 116 F.3d at 1298 (stating that lay witnesses are of "particular value"
21   because they can testify to claimant's everyday activities). Second, the ALJ says that "by virtue of
22   the relationship as a daughter of the claimant, she cannot be considered a disinterested third party."
23   AR 20. This is clearly improper under <u>Regennitter</u> and <u>Smolen</u>, both of which explicitly state that an
24   ALJ cannot reject a family member's testimony based on the assumption of bias.[2] Therefore, had
25   the ALJ cited only these reasons for discrediting Nelson's testimony, it would be reversible error.

26

27   [2] Defendant's attempt to argue that <u>Parra v. Astrue</u> permits such a practice is unavailing. Dkt. No,.
28   21, p.9. <u>See</u> <u>Parra v. Astrue</u>, 481 F.3d 742 (9th Cir. 2007). In <u>Parra</u>, the claimant's daughter
     provided internally inconsistent testimony about her father's drinking habits that justified the ALJ's
     finding that her testimony was "not completely persuasive." 481 F.3d at 751.

However, the ALJ cites a third reason for discrediting Nelson's testimony—that it, like Kerl's, does not comport with the weight of the medical evidence. AR 20. "Inconsistency with medical evidence" is a germane reason for discrediting the testimony of a lay witness. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). As this court has already stated, it appears from the ALJ's report that she adequately considered all of the evidence in the record, including testimony, and came to a reasonable conclusion about plaintiff's RFC. In so doing, she concluded that Nelson's testimony, like plaintiff's, was not consistent with the RFC. This is not legal error, and will not be second-guessed by the court.

Accordingly, as to plaintiff's claim that the ALJ improperly discredited Nelson's testimony, the court finds that the ALJ did have a germane reason, and therefore DENIES plaintiff's motion and GRANT's defendant's motion.

E.  Plaintiff's Request for Remand for Immediate Payment of Benefits

Plaintiff requests that this matter be remanded for immediate payment of benefits, only in the alternative seeks further administrative proceedings. Dkt. No. 17, p. 10. This court does not find it appropriate to remand for immediate payment of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004) (remand for immediate payment of benefits is reserved for "rare circumstances" where there are no outstanding issues to be resolved and it is clear from the record that the claimant is entitled to benefits).

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN PART;
2. Defendant's cross-motion for summary judgment is GRANTED IN PART AND DENIED IN PART;
3. The matter is REMANDED for further proceedings consistent with this opinion; and
4. The Clerk of the Court shall close the file.

9

1  Dated: March 15, 2012

2  _____
   HOWARD R. LLOYD
3  UNITED STATES MAGISTRATE JUDGE

**C11-00330 HRL Notice will be electronically mailed to:**

Tom Weathered  tweathered@covad.net
Brenda Pullin  Brenda.Pullin@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**